UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
ADREAN FRANCIS,

               Petitioner,       **MEMORANDUM AND ORDER**

      - against -           14 Civ. 2311 (NRB)
                                          06 Cr. 0080 (NRB)
UNITED STATES OF AMERICA,

               Respondent.
----------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In March 2008, a jury found petitioner Adrean Francis guilty of: (1) conspiring to distribute and possess with intent to distribute over 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846; and (2) possessing a firearm in furtherance of the marijuana conspiracy, in violation of 18 U.S.C. §§ 924(c) and (c)(2). Because of petitioner's prior conviction of criminal possession of marijuana in the third degree in New York Supreme Court, he was subject to the enhanced penalties of 21 U.S.C. § 841(b)(1).[1] On

---

[1] Mr. Francis's prior felony drug conviction was treated as a "youthful offender" adjudication, whereby the conviction was "deemed vacated and replaced by a youthful offender finding" under New York law. N.Y. Crim. Proc. Law § 720.20(3). However, under the Second Circuit's precedents, a prior felony drug conviction that received a youthful offender adjudication remains a "prior conviction for a felony drug offense" under 21 U.S.C. § 841(b)(1). See, e.g., United States v. Jackson, 504 F.3d 250, 253 (2d Cir. 2007); United States v. Sampson, 385 F.3d 183, 195 (2d Cir. 2004). This Court adjourned petitioner's sentencing for almost three years to await resolution of defense counsel's motion in state court requesting that petitioner's youthful offender adjudication be vacated altogether. See Francis v. United States, No. 14 Civ. 2311 (NRB), 2016 WL 2865422, at *2 (S.D.N.Y. May 13, 2016). That motion was not successful.

March 22, 2011, this Court sentenced Mr. Francis principally to 25 years' imprisonment, which was the total mandatory minimum for his crimes.  Mr. Francis timely appealed from his judgment of conviction and challenged, among other aspects of the conviction, the enhancement of his mandatory minimum sentence based on his prior youthful offender adjudication.  By a summary order of May 3, 2012, the Second Circuit affirmed his conviction and sentence.  See United States v. Francis, 480 Fed. Appx. 8 (2d Cir. 2012).

Petitioner subsequently filed a habeas corpus petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  He alleged multiple grounds for relief, one of which was that this Court's use of his prior conviction to enhance his sentencing violated the Second Circuit's holding in United States v. Sellers, 784 F.3d 876 (2d Cir. 2015).  See Francis v. United States, No. 14 Civ. 2311 (NRB), 2016 WL 2865422, at *3 (S.D.N.Y. May 13, 2016).  In Sellers, the Second Circuit held that a defendant's prior drug conviction under New York law, if later replaced by a youthful offender adjudication, is not a qualifying predicate conviction under the Armed Career Criminal Act ("ACCA").  784 F.3d at 879.  Since the Sellers court explicitly distinguished the texts of 21 U.S.C. § 841 and the ACCA and made clear that its ruling did not apply to the sentencing-enhancing provisions of Section 841, we held that

Sellers was inapposite in Mr. Francis's case. See Francis, 2016 WL 2865422, at *9-10. We found his other alleged grounds of relief to be meritless and denied his habeas petition. See id. at *10. Petitioner appealed our decision, and the Second Circuit dismissed the appeal.[2] See Francis v. United States, No. 16-1808 (2d Cir. Nov. 30, 2016).

More than two years after we denied his habeas petition, petitioner filed the current motion to vacate that decision pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, repeating the argument that, under Sellers, his youthful offender adjudication should not be a qualifying predicate offense for the enhanced sentencing penalties of 21 U.S.C. § 841(b)(1).

"A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see also Rowe Entm't v. William Morris Agency Inc., No. 98 Civ. 8272 (RPP), 2012 WL

---

[2] In addition to appealing our decision to deny his habeas petition, petitioner filed a "Motion for Relief from Judgment Denying His Section 2255 Motion," in which he argued that his habeas motion was denied without a hearing and that he was given ineffective assistance of counsel. While styled as a Federal Rule of Civil Procedure 60 motion, the substance of Mr. Francis's motion was "manifestly a request for reconsideration or reargument of [his] original habeas petition." See ECF No. 24. We denied the motion because it was untimely and lacked merit. Mr. Francis also filed two motions for reconsideration of our denial of his motion, which we denied. See ECF Nos. 26, 28. He then appealed our decision to deny his motions for reconsideration, and the Second Circuit dismissed his appeal. See Francis v. United States, No. 17-1622 (2d Cir. Dec. 15, 2017).

3

5464611, at *2 (S.D.N.Y. Nov. 8, 2012) ("In this Circuit, a reasonable time is within eighteen months of the entry of judgment, unless the movant shows good cause for the delay or mitigating circumstances." (internal citations omitted)). Petitioner filed the instant motion over two years after the decision he now seeks to vacate. Given that Mr. Francis has not set forth good cause for this substantial delay or any mitigating circumstance, his motion is denied as untimely.

Even if petitioner had timely filed his motion, "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); see also Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Rodriguez v. Mitchell, 252 F.3d 191, 198-99 (2d Cir. 2001). Mr. Francis's motion is a repetition of the arguments he raised in his habeas petition, which this Court and the Second Circuit considered and rejected. Therefore, there is no basis upon which petitioner can attack the integrity of the habeas proceeding.

Recasting the rejected arguments, petitioner also requests for: (1) leave to amend his habeas petition and add an argument that 21 U.S.C. § 841(b) is subject to arbitrary enforcement and is thus "void for vagueness," see ECF No. 33, at 2; or

4

alternatively, (2) certification of the "vagueness" issue so that the Second Circuit can review, see id. at 10. According to Mr. Francis, the statute is vague because of "a direct comparison of conflicting logic between Circuit precedents" that was created by Sellers. Id. at 2-3. However, petitioner's argument that Sellers conflicted with precedents in the Second Circuit was considered and rejected by this Court.[3] See Francis, 2016 WL 2865422, at *10. Since the proposed amendment would be futile, we deny petitioner's request to amend his petition. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). In addition, the question of whether Section 841 is subject to arbitrary enforcement and is thus vague does not involve "a controlling question of law as to which there is substantial ground for difference of opinion," 28 U.S.C. § 1292(b), petitioner's request for a certificate of appealability is also denied.

---

[3] Petitioner also argues that the Second Circuit's precedent that prior convictions deemed youthful offender adjudications under New York law are treated as qualifying predicates for purposes of 21 U.S.C. § 841(b) conflicts with precedents in other circuits. However, as the Second Circuit held in his appeal from the judgment of conviction, "[o]ur sister circuit's interpretation of the effect of another state's youthful offender adjudications . . . cannot change our analysis of a New York youthful offender adjudication for purposes of 21 U.S.C. § 841(b)." Francis, 480 Fed. Appx. at 11.

5

For the reasons set forth above, petitioner's motion is denied as both untimely and beyond the scope of Rule 60. The Clerk of Court is respectfully directed to terminate the motion listed at docket entry 33.

**SO ORDERED.**

Dated: New York, New York
May 6, 2019

/s/ Naomi Reice Buchwald
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

A copy of the foregoing Memorandum and Order has been mailed on this date to the following:

Petitioner:
Adrean Francis
USM #53403-054
FCI Elkton
P.O. Box 10
Lisbon, OH 44432