```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

     - against -                      MEMORANDUM AND ORDER

ADREAN FRANCIS,                       06 Cr. 80 (NRB)

          Defendant.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

After a jury trial, defendant Adrean Francis was convicted of the charges of conspiring to distribute over 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846, and possessing a firearm in furtherance of the conspiracy, in violation of 18 U.S.C. §§ 924(c) and 2.  On March 22, 2011, the Court imposed a sentence of 300 months' imprisonment.  On October 5, 2020, the Court received defendant's pro se motion for compassionate release from North Lake CI.[1]  For the following reasons, defendant's motion is granted.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce a term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction

---

[1] Defendant has since been moved to CI Rivers.

is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[2]  A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Defendant submitted a copy of a letter by the Facility Administrator of North Lake CI, denying his request for compassionate release on a number of grounds including that (1) the defendant's medical condition was stable and treatable in an institutional setting; (2) the nature and circumstances of the offense showed a disregard for public safety and the community; (3) the defendant has only served approximately 57% of his sentence to date; and (4) the defendant is subject to a detainer lodged by the Immigration and Customs and Enforcement ("ICE") for possible deportation.  ECF No. 329, Ex. A.

---

[2]     Defendant initially requested that the Court order his release to home confinement in New York, but in his reply to the government's objection, acknowledges that he is subject to deportation upon release and not eligible for home confinement.  ECF No. 337.

As this motion is brought pro se, it should "be construed liberally to raise the strongest arguments [it] suggest[s]." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 479 (2d Cir. 2006).  However, defendant still bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A).  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992). Because he has done so, his motion is granted.

Defendant states in his motion that he "is currently on a cocktail of medication to deal with Type 2 Diabetes and has on several occasions been treated for chronic bronchitis and pneumonia resulting in hospitalization."  ECF No. 329 at 6-7. While defendant has not provided evidence to substantiate that he suffers from these conditions, the government acknowledges that "[b]ased on a review of the defendant's North Lake CI medical records, the defendant, a 41-year-old male, suffers from Type II diabetes, which appears to be controlled by medication."  ECF No. 334 at 3.  Type II diabetes has been identified by the CDC as a risk factor for severe illness from COVID-19,[3] and the government concedes in its objection to defendant's motion that defendant

---

[3] See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Dec. 23, 2020).

satisfies the "extraordinary and compelling reasons" inquiry under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 334 at 7. Indeed, several courts in this Circuit have found that inmates suffering from diabetes risk severe illness from COVID-19 and are therefore eligible for compassionate release. See e.g., United States v. Miranda, 457 F. Supp. 3d 141, 146 (D. Conn. 2020); United States v. Daugerdas, No. 09-cr-581, 2020 WL 2097653, at *3 (S.D.N.Y. May 1, 2020); United States v. Colvin, 451 F. Supp. 3d 237, 241 (D. Conn. 2020). The Court agrees that defendant has shown "extraordinary and compelling reasons" that warrant his release.

Because defendant has satisfied his burden under Section 3582(c)(1)(A)(i), the Court now applies the factors set forth in 18 U.S.C. § 3553(a) to determine if they override defendant's extraordinary and compelling circumstances.[4] We find that they do not. These factors include "the nature and circumstances of the offense," the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the need to

---

[4] "[A] court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Gotti, No. 02 Cr. 743-07 (CM), 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(6).

The government points to defendant's participation in a drug conspiracy to distribute a substantial amount of marijuana, and the fact that the Court imposed the congressionally mandated minimum sentence on defendant, to argue that reducing his sentence to time served "would minimize the severity of the defendant's actions." ECF No. 334 at 6. Congress, however, has revisited the penalties for defendant's crimes since his sentencing. Were defendant to be sentenced today, his prior drug-related conviction would not constitute a "serious drug felony" under 18 U.S.C. § 841(b)(1)(A), and he would not be subject to enhanced penalties.[5] Moreover, at defendants' sentencing, the Court stated on the record that had it "felt free to do so, [it] would not sentence [defendant] to more than . . . 15 years." Hr'g. Tr. 14:6-8 (Mar. 22, 2011). Given the change in the law and the Court's

---

[5] Before trial, the government filed a prior drug felony information stating that defendant was convicted of criminal possession of marijuana in the third degree for which he received a sentence of five years' probation. ECF No. 90. Possession of marijuana in the third degree is a Class E felony under New York law for which the maximum term of imprisonment is four years. N.Y. Penal Law §§ 70.00(2)(e); 221.20 (McKinney). A "serious drug felony" under the amended § 841 is defined inter alia as "an offense under state law . . . for which the maximum term of imprisonment [is] ten years" and for which "the offender served a term of imprisonment of more than 12 months." 18 U.S.C. § 924(e)(2); 21 U.S.C. § 802(57). Defendant's prior felony satisfies neither requirement.

contemporaneous view of the appropriate sentence, the Court finds that defendant serving approximately fourteen and a half years in prison amply "provide[s] just punishment" for his offenses and otherwise satisfies the goals of § 3553 and is consistent with applicable policy statements issued by the Sentencing Commission. The Court is likewise satisfied that defendant will not pose a danger to any persons or to the community, as the government informs us that defendant is subject to an active ICE detainer and that ICE intends to effectuate the defendant's removal to his home country of Jamaica upon his release.  ECF No. 334 at 4.

    For the foregoing reasons, the defendant's motion is granted. Defendant is to be released solely to ICE custody in order to initiate his removal proceedings to Jamaica.

    **SO ORDERED.**

Dated:    New York, New York
           January 22, 2020

                              _____
                                NAOMI REICE BUCHWALD
                             UNITED STATES DISTRICT JUDGE

**Defendant (pro se)**
Adrean Francis

**A copy of the foregoing Memorandum and Order have been mailed to the following:**
Adrean Francis (#53403-054)
CI Rivers
145 Parker's Fishery Rd.
Winton, NC 27986